[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13039
Non-Argument Calendar

_____

D. C. Docket No. 04-80109-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS MALONE MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 3, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Marcus Malone Martin appeals his conviction for possession with intent to

distribute more than five grams of crack cocaine. 21 U.S.C. § 841(a)(1), (b)(1)(B). Martin argues that the district court erred when it denied Martin's motion to suppress evidence and his motion for a mistrial. Martin also argues that the evidence was insufficient to support his conviction. We affirm.

## I. BACKGROUND

On May 27, 2004, Officers Walker and Ellis were conducting surveillance on Beautiful Street in West Palm Beach, Florida, an area known for pervasive drug dealing. Walker was in an unmarked vehicle and, with a pair of binoculars, he observed Martin arrive in a blue Chevrolet with a female passenger. Walker and Ellis were familiar with Martin; they had arrested him previously for drug dealing and stopped him for traffic violations. The officers knew Martin was driving with a suspended license and that there was an outstanding capias warrant for his arrest.

Walker observed Martin engage in what appeared to be a drug transaction after the female passenger left and entered a nearby building. A brown truck arrived at the scene and Martin conferred with an unidentified man in the brown truck. Martin returned to his car, removed a black container from his pocket, shook something out of the container into his hand, placed the container inside the wheel well of the vehicle, and delivered the item in his hand to the man in the brown truck. Martin received what appeared to be money from the man in the

brown truck, and the brown truck left the scene. Walker could not identify what Martin removed from the black container or the denominations of the money Martin received.

Approximately ten minutes later, another unidentified man approached Martin and spoke with him. Martin removed the black container from the wheel well of the car, poured something from the container into his hand, replaced the container in the wheel well of the car, and traded the item in his hand with the unidentified man for a wad of money. Walker again could not identify what Martin removed from the container or the denominations of the money.

Walker believed he had observed two drug transactions and by radio told Ellis to apprehend Martin. Two officers arrested Martin while Ellis unsuccessfully searched for the second unidentified man. Walker then by radio told Ellis to remove the black container from the wheel well of the car. Ellis was unable to reach the container until a tow truck arrived thirty to forty minutes later and lifted the car. When Ellis opened the container, he discovered 5.8 grams of rock cocaine.

After the officers arrested Martin, they placed him in the back seat of a police vehicle. Martin's cousin, who lived nearby, had arrived at the scene and was talking to Martin while he was seated in the back of the police vehicle. Walker observed Martin tossing a wad of money to his cousin, and Walker

3

recovered the money from Martin's cousin. The wad of money consisted of $266.

A grand jury indicted Martin with one count of possession with intent to distribute more than five grams of cocaine. 21 U.S.C. § 841(a)(1), (b)(1)(B). Before trial, Martin moved to suppress evidence seized from the car. After a hearing, the district court denied the motions on the ground that the black container would have been found based on an inventory search of the vehicle. Martin moved for a judgment of acquittal after the government rested, but the motion was denied, and Martin did not renew the motion at the conclusion of his case.

During direct examination of Ellis, the government asked Ellis why he used harsh and profane language when he talked to Martin after the arrest, and Ellis responded, "In this case, you have an individual that's always there dealing and doing what he's doing." Defense counsel objected and moved for a mistrial on the grounds that Ellis's statement was unfairly prejudicial. The government responded that, to the extent the statement may be prejudicial, the court could give an instruction to the jury, and that the defense had opened the door for the discussion by stating in its opening statement that the police frequently encountered Martin near the Beautiful Street location. The district court denied the motion for mistrial.

The jury convicted Martin of one count of possession with intent to distribute more than five grams of cocaine. The district court sentenced Martin to

4

240 months of imprisonment and eight years of supervised release.

## II. STANDARD OF REVIEW

"A district court's ruling on a motion to suppress presents a mixed question of law and fact. This Court reviews the district court's finding of facts under the clearly erroneous standard. The district court's application of the law to those facts is subject to de novo review." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999) (internal citations omitted). We review de novo the denial of a motion for judgment of acquittal based on the sufficiency of the evidence. United States v. Dulcio, 441 F.3d 1269, 1276 (11th Cir. 2006). If the defendant does not move for a judgment of acquittal at the close of evidence, we will reverse a denial of that motion for acquittal only to prevent a manifest miscarriage of justice. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). We review denial of a motion for mistrial for abuse of discretion. United States v. Mendez, 117 F.3d 480, 484 (11th Cir. 1997).

## III. DISCUSSION

There are three issues on appeal. First, Martin argues that the district court improperly admitted into evidence the cocaine retrieved from the wheel well of his car. Second, he argues that the evidence was insufficient to support the verdict of the jury. Third, Martin argues that a single statement by Ellis during his direct

5

examination testimony was overly prejudicial and required a mistrial. We discuss each argument in turn.

### A. The District Court Did Not Err When It Denied the Motion to Suppress the Cocaine Seized from the Black Container.

Martin moved to suppress the cocaine as evidence on the ground that it was seized as part of an unlawful search of the car he had been driving. "In ruling on the correctness of the trial court's denial of a motion to suppress, [] we may consider any evidence presented at the trial of the case and are not limited to the evidence introduced at the hearing on the motion." United States v. Villabona-Garnica, 63 F.3d 1051, 1056 (11th Cir. 1995) (internal quotations and citations omitted). The police officers did not have a warrant to search Martin's vehicle, but under the automobile exception to the warrant requirement, the police are permitted to search any container in an operational automobile if they have probable cause to believe the container contains evidence of criminal activity. United States v. Magluta, 418 F.3d 1166, 1182 (11th Cir. 2005). Probable cause exists when, under the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Goddard, 312 F.3d 1360, 1363 (11th Cir. 2002). Martin's argument fails.

The police had probable cause to believe Martin's vehicle contained evidence of drug activity. Walker twice observed Martin shake something out of

6

the black container before replacing it in the wheel well of the vehicle and then conduct what appeared to be a trade of the substance in the black container for money with an unidentified individual. Although Walker was unable to see what was taken out of the container or whether the substance removed from the container was actually traded to the unidentified individual, Walker testified that Martin's actions clearly resembled a drug transaction. Martin's repeated use of the black container and his obvious attempts to secrete it in the wheel well of the vehicle created a fair probability that the black container contained contraband. These observations of Martin gave Walker probable cause to order Ellis to remove the black container from the wheel well of the vehicle and to search the container for evidence of a crime. The district court correctly denied the motion to suppress.

*B. The District Court Did Not Err When It Denied Martin's Motion for Acquittal.*

Martin argues that the district court erred when it denied his motion for acquittal because the evidence was insufficient to support his conviction. Martin states that the police officers never saw him handle the crack cocaine and never saw him give anything to the driver of the brown truck. Martin also argues that the police did not provide evidence that Martin had access to or knowledge of the cocaine hidden in the black container in the wheel well of the vehicle and that the police could not establish even that Martin was a knowing spectator to the alleged

7

drug transactions. Martin's arguments fail.

Because Martin did not move for a judgment of acquittal at the close of evidence, we will reverse the district court only to prevent "a manifest miscarriage of justice." Bender, 290 F.3d at 1284. When we review a claim for insufficient evidence to support a verdict, we view all evidence in the light most favorable to the government. United States v. Thomas, 8 F.3d 1552, 1556 (11th Circ. 1993). We will only reverse a conviction if no reasonable jury could find proof of guilt beyond a reasonable doubt. Id. "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . [as a] jury is free to choose among reasonable constructions of the evidence." United States v. Bell, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc).

The evidence was sufficient to support Martin's conviction. Martin had knowing possession of the black container because the police observed him remove the black container from his pocket, place it in the wheel well, remove it from the wheel well, and place it in the wheel well again. The police also saw Martin shake something from the black container on two occasions, and the police discovered cocaine inside the container when they recovered it from the wheel well of the vehicle. From this evidence, a reasonable jury could conclude that Martin

8

had knowing possession of the black container and that Martin shook out of the container cocaine, which he gave to two unidentified persons in exchange for money.

### C. *The District Court Did Not Abuse Its Discretion When It Denied Martin's Motion for a Mistrial.*

Martin argues that the district court abused its discretion when it denied his motion for a mistrial based on Ellis's statement on direct examination that Martin was always in the area "dealing and doing what he is doing." Martin argues that the statement implied that Martin was always dealing drugs and was so overly prejudicial that it deprived him of a fair trial. We disagree.

"A defendant is entitled to a grant of mistrial only upon a showing of substantial prejudice." United States v. Chastain, 198 F.3d 1338, 1352 (11th Cir. 1999). "Prejudicial testimony will not mandate a mistrial when there is other significant evidence of guilt which reduces the likelihood that the otherwise improper testimony had a substantial impact upon the verdict of the jury." United States v. Rodriguez-Arevalo, 734 F.2d 612, 615 (11th Cir. 1984). The single comment by Ellis did not cause substantial prejudice to Martin.

Any potential prejudicial impact from Ellis's statement was severely reduced by Martin's own counsel, who opened the door to discussion of Martin's previous encounters with the police and his involvement with drugs. In his opening

9

statement, Martin's counsel referred to Martin's repeated presence in the area, his previous encounters with the police in that area, and his previous arrest by the same police officers on drug charges. During cross-examination of Walker, Martin's counsel elicited facts from Walker regarding Martin's drug arrest in 2001 and his repeated encounters with police officers who asked him to leave the area. This testimony occurred before Ellis's allegedly prejudicial statement. After Ellis's statement, Martin's counsel continued with the same line of questioning on cross-examination of Ellis. In response to questions from Martin's counsel, Ellis testified that Martin had engaged in narcotics activities previously and that Ellis had talked to Martin on numerous occasions and asked him to stop selling drugs.

Ellis's statement was not overly prejudicial. A lone statement by Ellis amidst all the other statements regarding Martin's drug dealing activities could not have had a substantial prejudicial impact on the jury. Furthermore, there was substantial evidence to establish Martin's guilt apart from the statement by Ellis.

## IV. CONCLUSION

Martin's conviction is

**AFFIRMED.**

10